NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| MELVIN STUBBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-567-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL K. NALLEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

Plaintiff Melvin Stubbs, an individual presently confined at the United States Prison-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* complaint which the Court construes as falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]  He has paid the $250.00 filing fee.  This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C.

---

[1] To establish a right to relief under *Bivens*, a plaintiff must plead and prove two essential elements.  First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States.  Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law.  *Bivens*, 403 U.S. at 397.

-1-

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

### THE PLAINTIFF'S CLAIMS

The Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment in two respects. Specifically, he complains that the Defendants were deliberately indifferent to his serious medical needs. The Plaintiff also complains about the conditions of his confinement at USP-McCreary (*i.e.*, being placed in a top bunk).

### THE NAMED DEFENDANTS

The plaintiff names the following persons as Defendants : (1) Michael K. Nalley, the warden of USP-McCreary; (2) Lisa Gregory, whom the plaintiff identifies as the Health Service Administrator of USP-McCreary; and (3) "Mrs. Reynolds," whom he identifies as a correctional officer at USP-McCreary. He does not specify whether he is asserting claims against the defendants in their official or individual capacities.

### ALLEGATIONS OF THE COMPLAINT

The Plaintiff has filed a pre-printed *Bivens* complaint form on which he has handwritten his responses to the questions. [Record No. 1] The Plaintiff alleges that "at the time" he was a 64 year old man "placed on a top bunk who had trouble with arthritis. I fell as a result of this." [*Id.*, § IV (B)].[2] He states that he hurt his lower back and chest area when he fell out of his bunk.

Plaintiff alleges that Defendant Michael K. Nalley, the warden of USP-McCreary, failed to ensure that he received proper medical care. Plaintiff alleges that if Defendant Lisa Gregory,

---

[2] The Plaintiff does not state when "at that time " was or when he fell out of the bunk.

whom he identifies as the Health Service Administrator of USP-McCreary, had properly investigated his medical history, she would not have assigned him to an upper level bunk. Plaintiff alleges that Gregory also failed to ensure that his medical complaints were properly addressed after he fell. The Plaintiff alleges that Defendant "Mrs. Reynolds," whom he identifies as a correctional officer, refused to allow him (Plaintiff) to sleep in a bottom bunk. Plaintiff states that even though Reynolds knew he had an arthritic condition, and even though his cell-mate offered to give him (Plaintiff) his lower bunk, Reynolds refused to allow the Plaintiff to sleep in the lower bunk bed.

### RELIEF REQUESTED

The Plaintiff seeks damages in the amount of $250,000.00. He also seeks injunctive relief in the form of an order requiring the Bureau of Prisons ("BOP") to check the files of all senior citizen inmates before requiring them to sleep in upper level bunk beds.

### DISCUSSION

#### 1. Official Capacity *Bivens* Claims

Although the Plaintiff has not specified whether he is asserting his Eighth Amendment constitutional claims against the named individual Defendants in their official or individual capacities, any construed claims against these Defendants in their official capacities would fail to state a claim upon which relief could be granted. A *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958

(1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States. However, such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

As the only proper defendant in a *Bivens* claim is a person acting under color of federal law in that person's *individual* capacity, the Plaintiff has failed to state even a construed claim upon which relief can be based against these Defendants in their *official* capacities. Therefore, the Court will dismiss with prejudice the plaintiff's Eighth Amendment constitutional claims against the named Defendants in their *official* capacities.

2. <u>Individual Capacity *Bivens* Claims</u>

The Plaintiff's Eighth Amendment claims against the individual Defendants employed at USP-McCreary also are deficient. More specifically, the Plaintiff has failed to demonstrate that he exhausted any of the necessary steps in the Bureau of Prisons ("BOP") administrative process with regard to either of these constitutional claims against the named Defendants.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions (this includes any other incident to prison life, such as excessive force) to exhaust all available administrative remedies before suing in federal court. The United States Supreme Court has made it clear that exhaustion of

-4-

administrative remedies is required for *all* prisoner suits. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983 (2002) 534 U.S. at 524 (emphasis added); *see also Garfield v. Federal Prison Industries*, 3 Fed. Appx. 292, 2001 WL 921137 (6th Cir. (Ohio) January 26, 2001) (not recommended for full-text publication) (Pursuant to 42 U.S.C. §1997e(a), the §1997e exhaustion requirement applies to *Bivens* actions brought by federal prisoners, even if they seek both equitable and monetary relief); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November 2, 2001) (not selected for publication in Federal Reporter) (inmate was required to exhaust administrative remedies before bringing suit under *Bivens* based on inadequate conditions of confinement).

To meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Jones v. Bock*, 2005 WL 1400205, *1 (6th Cir.(Mich. June 15, 2005) (not selected for publication in the Federal Reporter). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court is required to dismiss an action without prejudice. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Id.*

For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). Here, the Plaintiff alleged in his Complaint Form that he pursued all of the steps required within the BOP administrative remedy procedure, 28 C.F. R. §542.10-.16 § II (B)(2.b.) [*See* Record No. 1, Complaint,  § II (B)(2.b.)]. The

Plaintiff broadly alleged in his complaint that his grievances were "denied at all levels of the administrative procedures." [*Id.*]

In his attached "Form Regarding exhaustion of Administrative Remedies" the Plaintiff states that he told his Unit Counselor, whom he identified as "Straub," about his complaints. [*Id.*, Attachment] He then states that "we *started* the BP 9, 10 and 11." [*Id.*] (Emphasis added.) It is not clear if by "starting" the administrative remedy process, the Plaintiff actually *completed* the necessary steps. The Plaintiff did not provide the Court with any documentary evidence of his exhaustion efforts, such as copies of his BP-8's, BP-9's, BP-10's and BP-11's in which he states that he asserted his claims. Likewise, he did not attach the denials or responses from any BOP administrative level.

In *Wyatt v. Leonard*, the Sixth Circuit concluded that the plaintiff had made an adequate showing that he had attempted to comply with administrative remedies because he had attached numerous letters he had filed and other persuasive documents. In contrast, Stubbs has failed to establish that he exhausted both of his Eighth Amendment claims. In the absence of copies of the Plaintiff's various BOP administrative remedies, the Court cannot determine whether the Plaintiff submitted grievances about *both* of the claims he is asserting: the alleged denial of medical care *and* denial of a lower-level bunk bed prior to his fall.[3] Accordingly, the claims against Defendants in their *individual* capacities will be dismissed without prejudice to the Plaintiff demonstrating that he has exhausted those claims through the BOP administrative remedy process.

---

[3] Had the plaintiff attached copies of his administrative remedies, they presumably would have informed the Court when the fall in question, as well as the alleged denial of medical care, occurred. If these events were remote in time, a statute of limitations issue might exist.

-7-

## CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** that the Plaintiff's claims against the Defendants in their official capacities are **DISMISSED**, with prejudice. The Plaintiff's claims against the Defendants in their individual capacities are DISMISSED, without prejudice.

This 20th day of January, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge